## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JO-ANN S. PAGANO, | CIVIL ACTION NO. |
| Plaintiff, | |
| v. | |
| BROAN-NUTONE, LLC, | PLAINTIFF'S COMPLAINT |
| a Delaware Limited Liability Company | |
| Defendant. | DEMAND FOR JURY TRIAL |

Plaintiff, Jo-Ann Pagano, by and through her counsel, RisCassi & Davis, P.C., brings this action against the above named Defendant.

### I. PARTIES

1. Plaintiff, Jo-Ann Pagano, is a resident of the Town of Waterford, State of Connecticut.

2. Upon information and belief, the defendant, Broan-Nutone, LLC (hereinafter referred to as "Broan"), is a Delaware limited liability company, with its principal place of business located at 926 West State Street, Hartford, Wisconsin.

### II. JURISDICTION AND VENUE

3. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. This civil action is between citizens of different states. The defendant maintains sufficient minimum contacts with the State of Connecticut such that the exercise of jurisdiction over the defendant by Connecticut courts would not offend traditional notions of fair play and substantial justice. By reason of the foregoing circumstances, this Court has diversity jurisdiction over this lawsuit. 28 U.S.C. § 1332(0(1).

4.      Venue is proper in this District because it is a judicial district in which a substantial part of the events or omissions giving rise to Plaintiff's claim occurred. 28 U.S.C. § 1391(a)(2).

### III. GENERAL ALLEGATIONS

5.      The plaintiff, Jo-Ann S. Pagano, incorporates by reference, as if fully set forth herein, each and every allegation in this Complaint.

6.      At all times mentioned herein, the defendant, Broan, its officers, agents, servants, and/or employees, designed, sold, repaired, manufactured, and/or serviced and delivered products into the stream of commerce in Connecticut and is a product seller as defined by § 52572m of the Connecticut General Statutes.

7.      At all times mentioned herein, the defendant, Broan, its officers, agents, servants, and/or employees, were involved in the discovery, design, assembly, manufacture, testing, packaging, labelling, marketing, distribution, sale, and/or were otherwise involved in placing into the stream of commerce the residential range hood known as the "Allure Premium Stainless Steel Range Hood" (hereinafter referred as the range hood").

8.      On or about December 19, 2013, the plaintiff Jo-Ann S. Pagano, purchased the range hood from Home Depot in Waterford, Connecticut.

9.      At all times relevant herein, the range hood was designed, manufactured, distributed and/or sold in a defective condition and was unreasonably dangerous to consumers and users specifically, in that it was designed, manufactured, distributed and/or sold with unreasonably dangerous exposed sharp metal edges.

10.     At all times relevant herein, as compared to similar systems, feasible and suitable alternative designs, procedures, and instructions for use and cleaning have existed.

11. At all times relevant herein, the defendant's range hood was utilized in a manner foreseeable to the defendant.

12. At all times relevant herein, the defendant provided incomplete, insufficient, and/or misleading instructions, training, and information to users and consumers regarding how to properly and safely use and clean the range hood.

13. On or about October 8, 2019, and for all times prior thereto, the plaintiff, Jo-Ann S. Pagano, did not make any changes to the range hood and the range hood was in the same, or substantially the same, defective and/or unreasonably dangerous condition in which it was designed, manufactured, distributed and/or sold by the defendant, Broan.

14. On or about October 8, 2019, the plaintiff Jo-Ann S. Pagano was cleaning the underside of the range hood when, suddenly, and without warning her right thumb was lacerated by an unfinished and exposed sharp metal edge, thereby severing the extensor tendon in her right thumb and causing the plaintiff to sustain and suffer the personal injuries and losses hereinafter set forth.

### IV. COUNT I — VIOLATION OF CONNECTICUT PRODUCTS LIABILITY ACT (CPLA)

15. The plaintiff, Jo-Ann S. Pagano, incorporates by reference, as if fully set forth herein, each and every allegation in this Complaint.

16. The range hood is a product within the meaning of Connecticut Products Liability Act ("CPLA"). See Conn. Gen. Stat. §52-572m et seq. The range hood was expected to reach, and did reach, users and/or consumers, including the plaintiff, without substantial change in the defective and unreasonably dangerous condition in which it was sold and/or distributed.

`Case 3:21-cv-00153-SRU   Document 1   Filed 02/05/21   Page 4 of 9`

17. A consumer or user cleaning the range hood would reasonably expect the product to be free of significant defects. The range hood, as designed by the defendant, has exposed sharped metal edges that subjects consumers or users to unreasonable risks and dangers.

18. The foreseeable risks of using and/or cleaning the range hood as designed and instructed were unreasonable, and, at the time the range hood left defendant's control, safer, more practical, feasible, and otherwise reasonable alternative designs existed and could have been adopted for the product which would have prevented or substantially reduced the risk of harm (i.e., lacerations and cuts) to the consumers or users, including the plaintiff, without substantially impairing the usefulness of the product. The risk and gravity of that harm clearly outweighed the burden on the defendant of implementing such alternative design. Reasonable alternative designs included, but are not limited to, measures to ensure that exposed sharp metal edges were rounded, beveled or deburred.

19. The defendant's failure to use feasible and reasonable alternative designs that would eliminate exposed sharp metal edges, make the range hood unreasonably dangerous and defective and unreasonably unsafe for its intended purpose.

20. Had the plaintiff or any other reasonable similarly situated person known of the unreasonableness of the range hood and its unsafe design as described herein, she would not have purchased or utilized the device.

21. The defendant knew, or should have known, that the range hood, as designed, could result in lacerations and cuts to consumers or users during the cleaning process. However, the defendant did not adequately warn consumers or users of the risk of exposed sharp metal edges within the range hood, nor did the defendant adequately instruct consumers or users of the range hood on the proper cleaning of the product to prevent lacerations or cuts.

The range hood was sold without adequate warnings or instructions for safe use and cleaning, which rendered the product unreasonably dangerous and defective and it posed a substantial risk of harm to plaintiff and any reasonably foreseeable consumers or users.

23. The defendant owed a duty of reasonable care to the general public, including the plaintiff, when it designed, labeled, manufactured, assembled, inspected, tested, marketed, advertised, promoted, instructed, placed/distributed into the stream of commerce and/or sold the range hood, to ensure that the product was not defective and/or unreasonably dangerous for its intended purposes and foreseeable uses.

24. The defendant breached this duty by designing, labeling, manufacturing, assembling, inspecting, testing, marketing, advertising, promoting, instructing, and selling/distributing the range hood in an unreasonably dangerous, defective and unreasonably unsafe condition including, but not limited to, exposed sharp metal edges.

25. The defendant owed the plaintiff a duty of reasonable care to discover defects and/or errors in the product and to inform and/or warn consumers and users, including the plaintiff, of a defect once it was discovered. The defendant violated this duty when it failed to do so, which further placed the plaintiff at risk for harm and injury.

26. As a direct and proximate result of defendant's failures and omissions, the plaintiff has suffered injuries, economic loss, and other damages, including but not limited to, cost of medical care, rehabilitation, lost enjoyment of life, mental anguish and emotional distress, scarring, and pain and suffering.

27. As the manufacturer of the unreasonably dangerous and defective range hood, the defendant is liable to the plaintiff for her damages proximately caused by the range hood,

pursuant to the CPLA, because such damage arose from a reasonably anticipated use of the range hood, specifically the cleaning process.

### V. COUNT II - BREACH OF IMPLIED WARRANTY UNDER CPLA

28.     The plaintiff, Jo-Ann S. Pagano, incorporates by reference, as if fully set forth herein, each and every allegation in this Complaint.

29.     The defendant impliedly warranted to the plaintiff that the range hood was of merchantable quality, was manufactured, labeled, and/or packaged in accordance with approved specifications and regulations and was safe, effective and fit for the use for which it was intended or for other known or foreseeable uses, pursuant to General Statutes § 42a-2-314.

30.     The defendant is aware that consumers and users, including the plaintiff, rely upon the representations made by the defendant when choosing, selecting, and purchasing its products, including the range hood, which was relied upon by plaintiff

31.     As previously discussed and further identified herein, due to the defective and unreasonably dangerous design, labeling, manufacturing, and distribution of the range hood, the product was neither of merchantable quality, nor fit for the ordinary purposes for which it was sold, presenting an unreasonable risk of injury to consumers and users, including the plaintiff, during foreseeable use and cleaning.

32.     The defendant's failures and omissions and the defective and unreasonably dangerous condition of the range hood constituted a breach of the defendant's implied warranty, and such a breach was a direct and proximate cause of the incident and damages described herein, and for which the plaintiff is entitled to compensatory damages in an amount to be proven at trial.

## VI.    COUNT III — RECKLESSNESS UNDER CPLA

33.    The plaintiff, Jo-Ann S. Pagano, incorporates by reference, as if fully set forth herein, each and every allegation in this Complaint.

34.    The defendant knew, or should have known, that the range hood was in a defective and unreasonably dangerous condition when it designed, labeled, manufactured, assembled, inspected, tested, marketed, advertised, promoted, instructed, placed/distributed into the stream of commerce and/or sold the range hood.

35.    The defendant knew, or should have known, that the range hood, with its exposed sharp metal edges, presented unreasonable risks and dangers to consumers and users of the product.

36.    The defendant knew, or should have known, that consumers or users of the range hood would suffer lacerations or cuts when cleaning the range hood due to the existence of the exposed sharp metal edges.

37.    The harm suffered by the plaintiff was the result of the defendant's reckless disregard for the safety of consumers and users of the range hood, including the plaintiff

38.    The defendant's reckless disregard for the safety of consumers and users of the range hood was a direct and proximate cause of the incident and damages described herein, and for which the plaintiff is entitled to punitive damages in an amount to be proven at trial, pursuant to General Statutes § 52-240b.

## VII. DAMAGES

39.    The plaintiff Jo-Ann S. Pagano, incorporates by reference, as if fully set forth herein, each and every allegation in this Complaint.

40.    As a direct and proximate result of the acts, omissions, and failures of the defendant alleged herein, the plaintiff sustained and suffered personal injuries and losses. The injuries and damages for which plaintiff seeks compensation from the defendant include, but are not limited to:

a. physical pain and suffering

b. emotional pain and suffering

c. medical bills and expenses

e. a laceration to her right thumb, severing the extensor tendon;

f. permanent scarring;

g. pre- and post-judgment interest;

h. statutory and discretionary costs; and

i. any and all such further relief both general and specific, to which she may be entitled to under the premises.

## VIII. JURY DEMAND

**41.**    The plaintiff Jo-Ann S. Pagano, demands a trial by jury on all issues, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## IX. PRAYER FOR RELIEF

42.    The plaintiff Jo-Ann S. Pagano, incorporates by reference, as if fully set forth herein, each and every allegation in this Complaint.

43. **WHEREFORE,** the plaintiff, Jo-Ann S. Pagano, brings this Complaint against the defendant, Broan, for personal injuries and prays for a judgment against the defendant for compensatory and punitive damages, pursuant to § 52-240b of the Connecticut General Statutes, in an amount considered fair and reasonable by a jury and for all such further relief, both general and specific, to which the plaintiff may be entitled under the premises.

**RISCASSI & DAVIS, P.C.**

Dated: February 5, 2021

Christo er M. Houlihan
Federal ar No.: CT 23239
Attorney for the plaintiff
RisCassi and Davis, P.C.
131 Oak Street, P.O. Box 261557
Hartford, CT 06126-1557
860-522-1196
860-246-5847 (fax)
choulihanariscassidavis.com